# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF FLORIDA

### WEST PALM BEACH DIVISION

## 12-81158-Civ-Marra/Mattewman

### CASE NO.:



FILED by _OTS_ D.C.
ELECTRONIC

**Oct. 19, 2012**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

John Pinson

       *Plaintiff.*

**vs**

**WAGNER & HUNT P.A.**

an unknown entity;

**DOES 1-10,**

Unknown individuals

       *Defendants/*

## TRIAL BY JURY DEMANDED

## COMPLAINT

Plaintiff, John Pinson, individually, hereby sues Defendants: WAGNER & HUNT P.A.; and DOES 1-10., and alleges:

## PRELIMINARY STATEMENT

1

This action for damages arises out of defendant's violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681et seq.; for violations of the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et sec; and, for violations of the Florida Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec.

2

Upon belief and information, Plaintiff contends that many of these practices are widespread for some or all of the Defendants.  Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

3

Plaintiff contends that the Defendants have violated such laws by repeatedly harassing and abusing Plaintiff in attempts to collect alleged but nonexistent debt, and out of the invasion of Plaintiff's personal and financial privacy by Defendants and their agents in their illegal efforts to collect an alleged but nonexistent consumer debt from Plaintiff.

**JURISDICTION**

4

Jurisdiction of this Court arises under 28 U.S.C § 1331, 1337, 1367, and pursuant to 15 U.S.C. § 1681et sec ("FCRA"), 15 U.S.C. § 1692 et sec ("FDCPA"), , and pursuant to Fla. Stat. § 559 et sec ("FCCPA"), and pursuant to Fla. Stat. §47.051, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

5

All conditions precedent to the bringing of this action have been performed.

**PARTIES**

6

The Plaintiff in this lawsuit is John Pinson, a natural person, who resides in Palm Beach County, Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), 15 U.S.C. § 1681a(c), Fla. Stat. § 559.55(2) and Fla. Stat. § 501.203(7).

7

Defendant, WAGNER & HUNT P.A.., (hereinafter Defendant "WAGNER") is a collection agency law firm operating from an address of 5233 Coconut Creek Parkway, Margate, Florida 33063, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and is considered a "person" as defined by 15 U.S.C. § 1681a(b) and a "furnisher of information" pursuant to 15 U.S.C. § 1681 et sec of the FCRA.

8

Defendant, DOES 1-10 (hereinafter "Defendant DOE")  are unknown individual(s), who will be identified through discovery, with the law firm WAGNER & HUNT P.A., and is in the business of collecting debts, for which he/she uses mail and telephone, and he/she regularly attempts to collect debts alleged to be due another, and operating from an address of 5233 Coconut Creek Parkway, Margate, Florida 33063, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

9

Defendant(s) regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

10

Defendant(s) regularly collects or attempts to collect debts from other parties.

11

Defendant(s) is a "debt collector" as defined in the FDCPA.

12

At all times material to the allegations of this Complaint, Defendant(s) was acting as debt collector with respect to collection of Plaintiff's alleged debt.

**VENUE**

13

Venue is proper pursuant to 28 U.S.C. §1391b and Fla. Stat. §559.77.

14

The occurrences which give rise to this action occurred in Palm Beach County, Florida and Plaintiff resides in Palm Beach County, Florida.

15

Venue is proper in the Southern District of Florida, West Palm Beach Division.

16

This is an action for damages which exceed $5,000.00.

## PURPOSE OF FDCPA

17

With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, the United States Congress has declared at 15 U.S.C. §1692:

**(a) Abusive practices**

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

**(b) Inadequacy of laws**

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

**(c) Available non-abusive collection methods**

Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

**(d) Interstate commerce**

Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where

abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

**(e) Purposes**

It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

## PURPOSE OF FCRA

### 18

The Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter "FCRA"), was originally enacted in 1970 for the purpose of regulating the collection, dissemination, and use of consumer credit information.

## FCRA AND PERMISSABLE PURPOSE

### 19

The FCRA, codified as 15 U.S.C. §1681b provides as follows:

(a) In general.  Subject to subsection (c) of this section, any consumer reporting agency may furnish a consumer report under the following circumstances and no other:

(1) In response to the order of a court having jurisdiction to issue such an order, or a subpoena issued in connection with proceedings before a Federal grand jury.

(2) In accordance with the written instructions of the consumer to whom it relates.

(3) To a person which it has reason to believe—

(A) intends to use the information in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, or review or collection of an account of, the consumer; or

(B) intends to use the information for employment purposes; or

(C) intends to use the information in connection with the underwriting of insurance involving the consumer; or

(D) intends to use the information in connection with a determination of the consumer's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; or

(E) intends to use the information, as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, an existing credit obligation; or

(F) otherwise has a legitimate business need for the information—

　　(i) in connection with a business transaction that is initiated by the consumer; or

　　(ii) to review an account to determine whether the consumer continues to meet the terms of the account.

(G) executive departments and agencies in connection with the issuance of government-sponsored individually-billed travel charge cards.

(c) Furnishing reports in connection with credit or insurance transactions that are not initiated by consumer

(1) In general

A consumer reporting agency may furnish a consumer report relating to any consumer pursuant to subparagraph (A) or (C) of subsection (a)(3) of this section in connection with any credit or insurance transaction that is not initiated by the consumer only if—

(A) the consumer authorizes the agency to provide such report to such person; or

(B)

　　(i) the transaction consists of a firm offer of credit or insurance;

　　(ii) the consumer reporting agency has complied with subsection (e) of this section;

　　(iii) there is not in effect an election by the consumer, made in accordance with subsection (e) of this section, to have the consumer's name and address excluded from lists of names provided by the agency pursuant to this paragraph; and

(iv) the consumer report does not contain a date of birth that shows that the consumer has not attained the age of 21, or, if the date of birth on the consumer report shows that the consumer has not attained the age of 21, such consumer consents to the consumer reporting agency to such furnishing.

(2) Limits on information received under paragraph (1)(B) A person may receive pursuant to paragraph (1)(B) only—

(A) the name and address of a consumer;

(B) an identifier that is not unique to the consumer and that is used by the person solely for the purpose of verifying the identity of the consumer; and

(C) other information pertaining to a consumer that does not identify the relationship or experience of the consumer with respect to a particular creditor or other entity.

## **FCRA AND REPORTING**

20

The FCRA, codified as 15 U.S.C. §1681s-2(a) provides as follows:

(1)(A) A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate.

(1)(B) A person shall not furnish any information relating to a consumer to any consumer reporting agency if –

(i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and

(ii) the information is, in fact, inaccurate.

(2) A person who –

(A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

(B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate, shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency any of the information that remains not complete or accurate."

## FCCPA AND FEDERAL LAW

### 21

Florida Statute § 559.552 states as follows:  Relationship of state and federal law.

Nothing in this part shall be construed to limit or restrict the continued applicability of the federal Fair Debt Collection Practices Act to consumer collection practices in this state. This part is in addition to the requirements and regulations of the federal act. In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail.

## FACTUAL ALLEGATIONS

### 22

Defendant(s) has damaged Plaintiff's Credit Reports, Credit Scores, and has committed Defamation of Character, per se' against Plaintiff.

### 23

The Defendant(s) is a 3rd Party Debt Collector(s) located in the United States of America, in California and Florida, as such is governed under the law by the Fair Debt Collection Practices Act 15 U.S.C. §1601, et seq. The Defendant is also governed under the law by The Fair Credit

Reporting Act 15 U.S.C. §1681, et seq. and also reports these accounts to the national credit

reporting agencies i.e. TransUnion, Equifax, Experian, and Innovis.

24

The State of Florida abides by and adheres to these laws. Specifically the Fair Credit Reporting

Act 15 U.S.C. § 1681, et seq. and FDCPA 15 U.S.C. §1692, et sec. and also the Florida

Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec., and as such the

Defendant(s) are governed under these laws.

25

The Plaintiff denies ever having any contractual agreement for credit, loans or services

relationship with the Defendant(s).

26

Even if the Plaintiff did have such an agreement, which the Plaintiff denies, alleged debt is not in

question here. But the fact as to how it was or was not validated and wrongful actions of the

Defendant(s) in an attempts to collect and credit reporting of the alleged debt, violated rights of

the Plaintiff and the laws as outlined in the Fair Debt Collections Practices Act, 15 U.S.C. §

1601, et seq. and the Fair Credit Reporting Act 15 U.S.C. § 1681 et seq., and the Florida

Consumer Collection Practices Act ("FCCPA") Fla. Stat. §559 et sec.

27

WAGNER and DOE by and through their attorney(s) attempted to employ the court in the

perpetration of a fraud.

28

The Florida Bar Rules of Professional Conduct states in: Rule 4-3.1, Meritorious Claims and

Contentions - A lawyer shall not bring or defend a proceeding, or assert or controvert an issue

therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a

good faith argument for an extension, modification, or reversal of existing law.

29

WAGNER and counsel failed to conduct a reasonable investigation and subsequently filed a

frivolous lawsuit, against Plaintiff, and by doing so failed to address the court with candor.

30

The Florida Bar Rules of Professional Conduct states in: Rule 4-3.3, Candor toward the Tribunal

- (a) False Evidence; Duty to Disclose. A lawyer shall not knowingly: (1) make a false statement

of fact or law to a tribunal or fail to correct a false statement of material fact or law previously

made to the tribunal by the lawyer;

31

WAGNER has failed to show standing, and failing cannot show a claim upon which relief can be

granted.

32

On or about July 17, 2008 Plaintiff was served with summons and complaint filed by

Defendant(s), which failed to contain the 30 day notice language required by 15 U.S.C. § 1692g.

33

Section 809(a) 15 U.S.C. § 1692g states as follows:

    (a) Within five days after the initial communication with a consumer in connection with

    the collection of any debt, a debt collector shall, unless the following information is

    contained in the initial communication or the consumer has paid the debt, send the

    consumer a written notice containing --

        (1) the amount of the debt;

        (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

34

Even if the summons and complaint contained the 30 day notice required by 15 U.S.C. § 1692g, which it did not, the 30 days would have been overshadowed by the 20 days to respond to the summons and complaint as required by Rule 1.070(i)(2)(F) of Florida Rules of Civil Procedures.

35

Defendant(s) failed to attach the alleged contract or any verified evidence authenticated by competent fact witness or verified statement of claim for damages whatsoever that Plaintiff ever had valid account.

36

Plaintiff denies having any contractual obligation ever with Defendant(s).

37

Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

38

It is the policy of the Congress that each financial institution has an affirmative and continuing obligation to respect the privacy of its customers and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a).

39

On or about October 25, 2011 Plaintiff received from Defendant(s) a Dunning Letter, signed by WAGNER & HUNT P.A. and dated October 21, 2011 on Law Offices of WAGNER & HUNT P.A. letterhead, which misrepresented the validity of the debt and the amount of the debt, and was sent where debt was not validated under 15 U.S.C. § 1692g.

40

Section 805(b) 15 U.S.C. § 1692g states as follows:

> (b) If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or any copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

41

As of October 19, 2012 Plaintiff has never received Validation, sufficient to meet requirements of FDCPA 15 U.S.C. § 1692g Sec. 809 (b), from Defendant(s).

42

Plaintiff obtained his consumer credit reports from the three major credit reporting agencies and found entries by entities that he was unfamiliar with in the reports.

43

Discovery of FCRA violations brought forth herein by Plaintiff occurred on or after July 2011 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p.

44

Plaintiff found after examination of his Equifax consumer credit report that Defendant(s) had obtained Plaintiff's Equifax consumer credit report on June 18, 2008 without permissible purpose.

45

Plaintiff found after examination of his Experian consumer credit report that Defendant(s) had obtained Plaintiff's Experian consumer credit report on March 4, 2009 without permissible purpose.

46

Plaintiff found after examination of his Experian consumer credit report that Defendant(s) had obtained Plaintiff's Experian consumer credit report on May 14, 2009 without permissible purpose.

47

As a result of FCRA violations by Defendant(s) Plaintiff suffered a lower credit score and higher insurance rates.

48

Defendant had no permissible purpose to obtain Plaintiff's credit report in June 18, 2008, over a full month before Defendant commenced litigation against Plaintiff.

49

Defendant(s) obtained Plaintiff's credit report without permissible purpose in anticipation of commencing litigation.

50

Defendant(s) attempt to harass and abuse Plaintiff.

51

Court records evidence a voluminous list of actions Defendant(s) have commenced against consumers.

52

Court records evidence Plaintiffs, similarly situated to Plaintiff, with actions against Defendant(s), similar to instant action.

53

Plaintiff has reason to believe and does believe that many of these practices, and violations of law, are widespread for some or all of the Defendants.

54

As of October 19, 2012 Plaintiff has never received Validation, sufficient to meet requirements of FDCPA 15 U.S.C. § 1692g Sec. 809 (b).

## COUNT I

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL

AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: WAGNER & HUNT P.A.

AND DOES 1-10.

55

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

56

Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

57

Equifax is a credit reporting agency within the meaning of the FCRA, 15 U.S.C. § 1681a(f).

58

Consumer credit report is a consumer report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

59

The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

60

Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

61

Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant(s).

62

On June 18, 2008 Defendant(s) obtained the Equifax consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

63

Plaintiff sent notice to Defendant(s) of their violations of the FCRA. This was in an effort to mitigate damages and reach a settlement for their violations in obtaining Plaintiff's credit report before taking civil action against them. Plaintiff received no reply to said notice sent to Defendant(s).

64

At no time did Plaintiff give his consent for Defendant(s) to acquire his consumer credit report from any credit reporting agency.

65

The actions of Defendant(s) obtaining the consumer credit report of the Plaintiff with no permissible purpose or Plaintiff's consent was a willful and/or negligent violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

66

At no time has Defendant(s) ever indicated what justification they may have had for obtaining Plaintiff's credit report. The Defendant had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendant breached said duty by failing to do so. There was no account that the Defendant had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

67

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: WAGNER & HUNT P.A. AND DOES 1-10, for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

## <u>COUNT II</u>

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: MIDLAND FUNDING LLC; MIDLAND CREDIT MANAGEMENT INC.; and, ENCORE CAPITAL GROUP INC.

68

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

69

Paragraphs 55 through 61 are re-alleged as though fully set forth herein.

70

On March 4, 2009 Defendant(s) obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

71

Paragraphs 63 through 66 are re-alleged as though fully set forth herein.

72

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: WAGNER & HUNT P.A. AND DOES 1-10, for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

<u>**COUNT III**</u>

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: WAGNER & HUNT P.A. AND DOES 1-10.

73

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

74

Paragraphs 55 through 61 are re-alleged as though fully set forth herein.

75

On May 14, 2009 Defendant(s) obtained the Experian consumer credit report for the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b. Said actions thereby damaged Plaintiff by causing Plaintiff's credit score to decline resulting in Plaintiff having to pay higher auto insurance premiums.

76

Paragraphs 63 through 66 are re-alleged as though fully set forth herein.

77

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: WAGNER & HUNT P.A. AND DOES 1-10, for statutory damages of $1000.00 and/or actual

damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

## **COUNT IV**

VIOLATION OF THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §1681, WILLFUL AND/OR NEGLIGENT NON-COMPLIANCE BY DEFENDANTS: WAGNER & HUNT P.A. AND DOES 1-10.

78

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

79

Defendant(s) have reported erroneous and inaccurate information about Plaintiff to credit reporting agencies: Trans Union, Equifax, and Experian.

80

At all times material to this action, Defendant violated 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o of the FCRA by engaging in willful and/or negligent acts which violate 15 U.S.C. § 1681s(2)(b) as follows:

    a.    Failing to conduct an investigation of the inaccurate information that Plaintiff disputed which violate 15 U.S.C. § 1681s(2)(b)(1);

    b.    Failing to review all relevant information concerning Plaintiff's account as provided to the Defendant which violate 15 U.S.C. § 1681s(2)(b)(1)(B);

    c.    Reporting the inaccurate status of the inaccurate information to credit reporting agencies and/or without including a notation that the debt was disputed which violate 15 U.S.C. § 1681s(2)(b)(1)(D);

d.    Failing to delete incomplete and inaccurate information on Plaintiff's file after conducting an investigation which violate 15 U.S.C. § 1681s(2)(b)(1)(E)(ii);

e.    Failing to properly participate, investigate and comply with the re-investigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by the Plaintiff which violate 15 U.S.C. § 1681s(2)(b)(1)(A);

f.    Failing to correctly report results of an accurate investigation to every other credit reporting agency which violate 15 U.S.C. § 1681s(2)(b)(1)(C);

g.    Continuing to furnish and disseminate inaccurate and derogatory credit, account status and other information concerned the Plaintiff to credit reporting agencies and other entities despite knowing that said information was false or inaccurate which violate 15 U.S.C. § 1681s(2)(b)(1)(E)(iii);

h.    Failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

81

The Defendant(s) has reported alleged account to Trans Union since February 2009 with erroneous and inaccurate information through today as they have not provided validation of the alleged debt/account pursuant to 15 U.S.C. §1692g.

82

The Defendant(s) has reported alleged account to Equifax since June 2008 with erroneous and inaccurate information through today as they have not provided validation of the alleged debt/account pursuant to 15 U.S.C. §1692g.

83

The Defendant(s) has reported alleged account to Experian since February 2009 with erroneous and inaccurate information through today as they have not provided validation of the alleged debt/ account pursuant to 15 U.S.C. §1692g.

84

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant: WAGNER & HUNT P.A. AND DOES 1-10, for statutory damages of $1000.00 and/or actual damages, any attorney's fees, and costs pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o(a).

## COUNT VIII

VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA), 15 U.S.C. §1692

BY DEFENDANTS WAGNER & HUNT P.A. AND DOES 1-10

85

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

86

Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. §1692a(3).

87

Defendant(s) is a debt collector within the meaning of the FDCPA, 15 U.S.C. §1692a(6).

88

Defendant(s) violated the FDCPA15 U.S.C. §1692. Defendant(s) violations include, but are not limited to, the following:

    a.     § 1692 b(2) Contact of Third Party: Stated that the consumer owes any debt.

b.     § 1692 d Any conduct the natural consequence of which is to harass, oppress, or

abuse any person.

c.     § 1692 e(2) Character, amount, or legal status of the alleged debt.

d.     § 1692 e(5) Threaten to take any action that cannot legally be taken or that is not

intended to be taken.

e.     § 1692 e(8) Threatens or communicates false credit information, including the

failure to communicate that a debt is disputed.

f.     § 1692 e(10) Any false representation or deceptive means to collect a debt or

obtain information about a consumer.

g.     § 1692 f(1) Attempt to collect any amount not authorized by the agreement

creating the debt or permitted by law.

h.     § 1692 g(B) Collector must cease collection efforts until debt is validated.

89

THE FDCPA BROADLY PROHIBITS UNFAIR OR UNCONSCIONABLE COLLECTION

METHODS, CONDUCT WHICH HARASSES, OPRESSES OR ABUSES ANY DEBTOR,

AND ANY FALSE DECEPTIVE OR MISLEADING STATEMENTS, IN CONNECTION

WITH THE COLLECTION OF A DEBT.

90

The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute which prohibits a

catalog of activities in connection with the collection of debts by third parties.  See 15 U.S.C. §

1692 et seq. The FDCPA imposes civil liability on any person or entity that violates it's

provisions, and establishes general standards of debt collector conduct, defines abuse, and

provides for specific consumer rights. 15 U.S.C. § 1692k.  The operative provisions of the

FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and

misleading practices, both generally and in a specific list of disapproved practices, and prohibit

harassing and abusive tactics, both generally and in a specific list of disapproved practices.

91

**WHEREFORE**, Plaintiff demands judgment for damages against each and every Defendant:

WAGNER & HUNT P.A. AND DOES 1-10 for statutory damages of $1,000.00, and actual

damages, as well as attorney's fees and costs, pursuant to 15 U.S.C. §1692k(a)(1); 15 U.S.C.

§1692k(a)(2)(A); 15 U.S.C. §1692k(a)(3) and Fed.R.Civ.P. 54(d).

VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT (FCCPA), FLA.

STAT. §559.72 BY DEFENDANTS WAGNER & HUNT P.A. AND DOES 1-10

92

Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated
herein.

93

Plaintiff is a consumer within the meaning of §559.55(2).

94

Defendant(s) is a debt collectors within the meaning of §559.55(6).

95

Defendant(s) violated the FCCPA. Defendant(s) violations include, but are not limited to, the

following:

    a.  Disclose to a person other than the debtor or her or his family information affecting

        the debtor's reputation, whether or not for credit worthiness, with knowledge or

        reason to know that the other person does not have a legitimate business need for the

        information or that the information is false.  Fla. Stat. §559.72(5)

b.  Disclose information concerning the existence of a debt known to be reasonably disputed by the debtor without disclosing that fact. If a disclosure is made before such dispute has been asserted and written notice is received from the debtor that any part of the debt is disputed, and if such dispute is reasonable, the person who made the original disclosure must reveal upon the request of the debtor within 30 days the details of the dispute to each person to whom disclosure of the debt without notice of the dispute was made within the preceding 90 days. Fla. Stat. §559.72(6)

c.  Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.  Fla. Stat. §559.72(7)

d.  Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist.  Fla. Stat. §559.72(9)

e.  Use a communication that simulates in any manner legal or judicial process or that gives the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law, when it is not.  Fla. Stat.  §559.72(10)

96

**WHEREFORE,** Plaintiff demands judgment for damages against each and every Defendant: WAGNER & HUNT P.A. AND DOES 1-10 for actual damages, statutory damages of $1,000.00, punitive damages, equitable relief as the court deems necessary or proper, and attorney's fees and costs, pursuant to Fla. Stat. §559.77(2).

## <u>DEMAND FOR TRIAL BY JURY</u>

97

Plaintiff is entitled to and hereby respectfully demands a trial by jury of all issues so triable as a

matter of law.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## **PRAYER FOR RELIEF**

98

WHEREFORE, the Defendant(s) have violated the Fair Debt Collection Practices Act, The Fair

Credit Reporting Act, and the Florida Consumer Collection Practices Act,; and, Plaintiff prays

that judgment favorable to Plaintiff be entered against the Defendant(s) in this action.

Dated:  October 19, 2012

Respectfully Submitted,

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

Service to:

WAGNER & HUNT P.A.
5233 Coconut Creek Parkway
Margate, Florida 33063
Through Registered agent:
Bruce E. Wagner
5233 Coconut Creek Parkway
Margate, Florida 33063


DOES 1-10
To be identified