UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.  12-81158-CIV-Marra/Matteman

JOHN PINSON

        Plaintiff

V

WAGNER & HUNT, PA, et al

        Defendants

_____/

**<u>DEFENDANT, WAGNER & HUNT, PA's, MOTION TO DISMISS</u>**

COMES NOW the Defendant, WAGNER & HUNT, PA, by and through its undersigned counsel, pursuant to Fed. R. Civ P. 12 (b), and hereby moves to dismiss Plaintiff's Complaint and states as grounds therefore the following:

1)  Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

2)  Plaintiff alleges various violations of the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. 1692, et seq.,  the Fair Credit Reporting Act ("FCRA"), 15 U.S. C. 1681, et seq., and the Florida Consumer Collection Practices Act ("FCCPA") Florida Statute 559, et. seq.  The allegations of the Complaint relate to certain litigation filed in the Circuit Court in and for Palm Beach County, Florida in July 2008.  (See paragraph 32 of Plaintiff's Complaint).  Plaintiff's Complaint also refers to an alleged letter sent by Wagner & Hunt, PA to the Plaintiff dated October 21, 2011.  (See paragraph 39 of Plaintiff's Complaint.)

3)  Defendant, WAGNER & HUNT, PA submits that any claims

for violations of the "FDCPA" must be filed within one (1) year from the date of the alleged violation.    Further, any claims for violations of the "FCRA" or the "FCCPA" must be brought within two (2) years from the date of the alleged violation.

4)  Defendant submits that all of the alleged claims set forth in Plaintiff's Complaint are time barred by the applicable statute of limitations.

5)  Counts I, II, III, IV, all attempt to allege violations of the federal Fair Credit Reporting Act, ("FCRA"), 15 USC 1681.  The allegations refer to credit reports allegedly obtained by Defendant on June 18, 2008, March 4, 2009 and May 14, 2009.  These counts must be dismissed based upon the two year statute of limitations set forth in 15 USC 1681p.  See also <u>TRW v. Andrews</u>, 534 U.S. 19, 122 S. Ct. 441, 151 L. Ed. 2d 239 (2001);  <u>Caldell v. Gutman, Mintz, Baker & Sonnenfeldt</u>, PC, 701 F. Supp 2d 340 (D.C. E.D. NY 2010);  <u>Sweitzer v. American Express Centurion Bank</u>,  554 F. Supp 2d 788 (D.C. S.D. Ohio 2008);  <u>William A. Graham Company v. Haughey</u>, 568 F. 3d 425 (U.S. 3rd Cir. 2009).

6)  Count VIII alleges violations of the federal Fair Debt Collection Practices Act, ("FDCPA"), 15 USC 1692(b), (d), (e), (f) and (g).  These allegations apparently refer to collection activity occurring in 2008.  Again, these claims are time barred by the one year statute of limitations set forth in 15 USC 1692k.

7)  Paragraphs 92 thru 95 attempt to set forth a claim for violation of the Florida Consumer Collection Practices Act, ("FCCPA"), Fla. St. 559, et seq. However, there are no factual allegations set forth in paragraphs 92 thru 95  stating specifically how the Defendant is alleged to have violated 559, et seq.

**Further, there are no allegations regarding the time frame within which the said violations supposedly occurred. Assuming that these allegations refer to the 2008 collection litigation or the credit reports allegedly obtained in June 2008, March 2009 and May 2009, these claims are clearly outside the two year statute of limitations stated in 559.77(4).  Thus, this portion of Plaintiff's Complaint must be dismissed with prejudice.**

## LEGAL ARGUMENT

### 2008 Collection Litigation

The law is clear that the "FDCPA" is a strict liability statute, the purpose of which is to eliminate "abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. 15 USC 1692;   <u>Oppenheim v. I.C. Systems, Inc</u>., 627 F 3d 833 (11th Cir. 2010).

While 16 USC 1692 provides for civil liability for violations of the act, there is a statute of limitations incorporated in the act that requires any claims for violations of the act to be brought within one year from the date of the violation.  15 USC 1692k(d) provides provides as follows:

> *(d)  Jurisdiction:  An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, <u>within one year from the date on which the violation occurs</u>.*

Based on the provisions of 15 USC 1692k(d) the claims asserted in the Complaint as to the July 2008 litigation would have had to be filed not later than **July 2009**. Further, under the "FCRA" or the "FCCPA" the claims would have had to be filed

not later than **July 2010**. The facts of this case show that the initial claims were not filed until **October 19, 2012.** The record subjudice clearly shows that the claims were filed well outside the one year statute of limitations provided for in 1692k(d) or the two year statute of limitations provided for in 15 U.S.C. 1681p and Florida Statute 559.77(4). Thus, under no set of circumstances can the Plaintiff prevail on the claims regarding the July 2008 litigation.

In **Parker v. Pressler & Pressler, LLP**, 650 F. Supp 2d 326 (U.S.D.C. NJ 2009) , just as in the case subjudice, the Plaintiff brought suit in federal court alleging FDCPA claims based upon the filing of a state court action brought against her by Pressler & Pressler for collection of a debt.   The Plaintiff alleged that Pressler violated the FDCPA, inter alia,  by instituting the state action claiming that she had timely requested validation of the debt within 30 days of receiving the initial collection letter.  The court determined that Parker's claims were time barred under 1692k(d) in that her cause of action as to the state court action accrued either on the date the lawsuit was filed  or on the date Parker was served with the complaint. In either case, when her federal lawsuit was filed the one year applicable limitations period set forth in 1692ki(d) had already expired. Therefore, the court  determined that Parker's claim were time barred and Defendant was entitled to a  summary judgment.

It is interesting to note that the initial collection complaint filed by Wagner & Hunt, P.A. against John Pinson filed in the Circuit Court in and for Palm Beach County on **July 23, 2008**. . The Plaintiff had the opportunity in 2008  to assert his "FDCPA", "FRCA" or "FCCPA" claims in response to the July 2008 collection case. In stead, the Plaintiff chose to wait until October 19, 2012 to file bring his claims in

this court.    Because these claims are clearly time barred, the Complaint should be dismissed with prejudice.

### Letter of October 21, 2011

In paragraph 39 of Plaintiff's Complaint, Plaintiff makes reference to a letter allegedly sent by Wagner & Hunt, PA to the Plaintiff on October 29, 2011. Defendant submits that the Plaintiff has failed to attach a copy of the alleged letter to his Complaint.  On that basis alone, any claim based upon the alleged letter should be dismissed.  Assuming arguendo that the letter was sent to the Plaintiff the letter would be referring to the same debt that was litigated in the Circuit Court in Palm Beach County in 2008.  Thus, any claims regarding the October 21, 2011 letter must have been brought within the applicable statute of limitations under the "FDCPA" or the "FCCPA"   The law is clear that ***new communications regarding an old debt do not start a new statute of limitations***.  Moreover, there is no provision for finding a "serial" or "continuing" violation of the "FDCPA" or the "FCCPA".

The court in McCorriston v. L.W.T., Inc., 536 F. Supp 2d 1268 (U.S.D.C. Middle District, Tampa Div 2008) the court dealt with a similar set of facts where the Plaintiff asserted FDCPA violations predicated on a collection letter sent by the L.W.T. to McCorriston dated January 12, 2006 and  further predicated on a lawsuit brought by L.W.T. against McCorriston in the County Court in Hillsborough County on April 6, 2006.  The lawsuit was subsequently dismissed as time barred under the Delaware state statute of limitations.  On January 25, 2007 McCorriston filed a federal law suit against L.W.T. claiming FDCPA violations related to the January 12, 2006 letter and the filing of the County Court suit on a time-barred debt.  L.W.T.

moved for summary judgment as to the issues regarding the January .12, 2006 letter arguing that the FDCPA claim was time barred under 15 USC 1692k(d). The court agreed with L.W.T. and granted summary judgment based on the fact that the letter was dated January 12, 2006 and the lawsuit was not filed until January 25, 2007.  In so deciding the court held that an FDCPA violation "accrues the day after a collection letter is mailed."  Therefore, McCorriston's claims were time barred and summary judgment was properly entered in favor of L.W.T.  See also <u>Maloy v. Phillips</u>, 64 F. 3rd 607 (11th Cir. 1995); <u>Sierra v . Foster & Garbus</u>, 48 F. Supp 2d 393 (S.D.N.Y. 1999); <u>Wilhellm v. Credico, Inc</u>., 455 F. Supp 2d 1006 (D.N.D. 2006: <u>Parker v. Pressler & Pressler</u>, LLP, 650 F. Supp 2d 326 (U.S.D.C. NJ 2009); <u>Matton v. U.S. West Communications, Inc</u>., 967 F. 2d 259 (U.S.C.A. 8th Cir. 1992)

     In <u>Nutter v. Messerli  Kramer, PA, 500 F. Supp 2d 1219 (D.C. Minn. 2009)</u> , the debtors incurred a debt on a U.S. Bank reserve line of credit.  They  received a collection letter from Messerli & Kramer, P.A. in an attempt to collect the outstanding balance on the account.  The debtors objected to the debt pointing to a May 8, 2001 statement showing a zero balance as proof that they had paid the debt.  U.S. Bank sold the account to CACV of Colorado, LLC which later sold the account to Northern Financial Systems, Inc.(NFS).  NFS turned the debt over to Messerli & Kramer, P.A. for collection purposes.  In 2003 M & K commenced a lawsuit on behalf of NFS against the debtors.  Throughout the course of the litigation the debtors continued to dispute the debt claiming that the debt was paid.  In support of it's position that the debt  remained unpaid NFS's  president submitted an affidavit in the state court action stating that the debtors

owed $ 3,323.15 plus interest and reasonable attorneys fees.   Additionally, because the debtors had failed to respond to discovery requests served on them  by M & K, an attorney for M & K filed an affidavit in support of a motion to compel discovery stating that "as of January 25, 2006 (NFS's) requests for discovery  remain wholly outstanding."  The debtors claimed that the credit appearing on the May 2001 statement confirmed that the account was paid in full.  An attorney for M & K stated in pleadings submitted in the state court action that "no corresponding credits were applied to the account by U.S.  Bank and there was no evidence supporting the debtors' claim that a payment was made to satisfy the account."

After the court denied cross motions for summary judgment, the parties entered into a stipulation for dismissal with prejudice of the state court action    The stipulation was entered on January 16, 2007.  On January 23, 2007 the debtors filed a suit in federal court against NFS, the president of NSF , M & K, P.A. and the individual attorneys who prosecuted the state court action.  The debtors alleged multiple violations of the FDCPA and various state causes of action.  The defendants moved for a judgment on the pleadings or in the alternative a motion for summary judgment .  The court treated the motion as one for summary judgment.

The court only dealt with the FDCPA claim under 1692f regarding making false or misleading representations.  The debtors claimed that the defendants made false statements related to the existence of the debt and contended that the affidavits about the billing statements, the statements  regarding whether there was evidence to support the debtors'claim that the debt was paid and the statement about whether U.S. Bank had applied a credit to debtors' account all implied that the debt existed.

These statements, according to the debtors, were false or misleading.  Further,  the debtors claimed that the representations set forth in the affidavit filed by the attorney employed by M & K stating that the discovery requests remained unanswered constituted a misrepresentation by the attorney.

The Defendants argued that the debtors FDCPA claims were barred by the statute of limitations set forth in  15 USC 1692k(d).  The debtors argued that their claims showed a continuing violation of the FDCPA and that each new communication began a new statute of limitations period for their claims.  The court rejected that argument stating that <u>new communications concerning an old claim do not start a new period of limitations</u>.  The court determined that the statements based on the status of the debt being outstanding are all new communications concerning an old claim and all related back to NFS's assertion  that the debt remained outstanding.  The court further determined that the debtors had notice of NFS's claim that the debt was outstanding on October 17, 2003, the date that NFS initiated lawsuits against the debtors.  The statements subsequently made by the Defendants in the course of the state court litigation merely restated a claim made over three years prior to the filing of the federal lawsuit.  Thus, those claims relating to the existence of the debt were barred by the one year. statute of limitations provided for in 1692k(d) and granted summary judgment in favor of the Defendants as to those statements.  .

See also <u>Wilhelm v. Credico, Inc</u>., 455 F. Supp 2d 1006 (U.S.D.C. ND) wherein the court, citing to <u>Kirscher v. Messerli & Kramer, P.A</u>., No. Civ. 05-19001PAMRLE, 2006 WL 145162 (D. Minn. Jan 18, 2006) noted that the sparse case law dealing with the issue of a repeated or "serial" violation of the FDCPA

"indicates that a continuing violation theory is not available under the FDCPA. See also <u>Sierra v. Foster & Garbus</u>, 48 F. Supp 2d 393 (S.D.N.Y. 1999)( rejecting the continuing violations theory and finding that there was no legal support of plaintiff's theory that his cause of action could be kept alive indefinitely because each new communication would start a fresh statute of limitations.  See also ; <u>Calka v. Kucker, Kraus & Bruh, LLP</u>, No. 980990, 1998 WL 437151 (S.D.N.Y. Aug. 3 1998).

In <u>Fraenkel v. Messerli & Kramer, P.A</u>., No. Civ. 04-1072JRTFLN, 2004 WL 1765309*9  the court concluded that a new communication, such as filing a lawsuit, concerning an old claim does not start a new period of limitations, agreeing with <u>Akalwadi v. Risk Management Alternatives, Inc</u>., 336 F. Supp 2d 492 (D. Md. 2004) finding .that a complaint filed over two years after the debtor was aware of an inaccurate credit report was time barred.  See also <u>Flores v. Millennium Interests, Ltd</u>, et al., 273 F. Supp 2d 899 (S.D. Texas 2003) finding that a plaintiff's claim accrues at the time he became aware of the negative credit report.

In <u>Mattson v. .U. S. West Communications, Inc</u>., 967 F. 2d 259 (USCA 8th Cir 1992) the court in ruling on the limitations issue regarding an FDCPA claim, specifically stated that

> *"We note that statutes of limitations are not simply technicalities;  on the contrary, they have long been respected as fundamental to a well ordered judicial system. Citing to <u>Board of Regents v. Tomanio</u>, 446 U.S. 478 (1980)*

.

In <u>Mattson v. .U. S. West Communications, Inc</u>., 967 F. 2d 259 (USCA 8th Cir 1992) the court in ruling on the limitations issue regarding an FDCPA claim, specifically stated that

> *"We note that statutes of limitations are not simply technicalities; on the contrary, they have long been respected as fundamental to a well ordered judicial system. Citing to <u>Board of Regents v. Tomanio</u>, 446 U.S. 478 (1980)*

Applying these holdings to the case at hand, Defendant, WAGNER & HUNT, P.A. asserts that the Plaintiff's Complaint must be dismissed with prejudice.

WHEREFORE, the Defendant prays this Honorable Court will enter an order dismissing Plaintiff's Complaint with prejudice and granting any other such further relief this court may deem just and appropriate.

Respectfully submitted this 28th day of February, 2013.

By:  **/s/ Dorothy V. Maier**
    **Dorothy V. Maier, Esq.**
    **Florida Bar # 338176**
    **WAGNER, HUNT & KAHN, P.A.**
    **Attorneys for Defendant**
    **Post Office Box 934788**
    **Margate, Florida 33093-4788**
    **Telephone:  1-954-295-0470**
    **Fax #  10954-935-6976**
    **e-mail: dorothymaier**
    **@wagnerandhuntlaw.com**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of February 2013 I caused the foregoing to be electronically filed with the U.S. Court, Southern District of Florida, West Palm Beach Division and forwarded the same to the following via electronic communication:  John Pinson, pro se Plaintiff, at **john@pinson.com** and via regular U.S. Mail to 526 Westwood Road, West Palm Beach, FL 33401.

                            /s/  Dorothy V. Maier
**By:  _____**
                 **Dorothy V. Maier, Esq.**
                 **Florida Bar # 338176**
                 **WAGNER, HUNT & KAHN P.A.**
                 **Attorneys for Defendant**
                 **Post Office Box 934788**
                 **Margate, Florida 33093-4788**
                 **Telephone:  1-954-295-0470**
                 **Fax #  10954-935-6976**
                 **e-mail: service@ wagnerandhuntlaw.com**