UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

CASE NO.: 9:12-cv-81158-KAM

John Pinson
    *Plaintiff.*

vs

WAGNER & HUNT P.A., et. al.
    *Defendants/*

FILED by _____ D.C.
APR 1 0 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT WAGNER & HUNT'S MOTION TO DISMISS

**TO THE HONORABLE JUDGE OF THIS COURT:**

COMES NOW the Plaintiff John Pinson, pro se, who hereby submits his response to the Motion To Dismiss pursuant to FRCP Rule 12(b)(6) by Defendant Wagner & Hunt, P.A. and states as follows:

### I. STATEMENT OF FACTS

1. Plaintiff John Pinson filed suit in the District Court against Wagner & Hunt, P.A. on October 19, 2012 alleging violations of the FCRA, FDCPA and FCCPA.

2. This case stems from the **actions of the Defendants** in their effort to collect an alleged debt from, and acquiring the Equifax and Experian credit reports of the Plaintiff on **multiple** occasions. The alleged original creditor for the alleged debt was American Express Centurion Bank.

3. Plaintiff discovered in July of 2011 that Wagner & Hunt, P.A. had obtained his credit reports, from Equifax on June 18, 2008, and from Experian on March 4, 2009 and May 14, 2009, with no permissible purpose in violation of the FCRA. Defendant **did obtain** plaintiffs credit report in anticipation of litigation.

4. Defendant claims FCRA violations are time barred and/or claimed to have collection rights to said alleged account which they claim afforded them permissible purpose to acquire Plaintiff's credit report from Equifax and Experian.

5. Plaintiff, upon discovery of his rights under FDCPA, made written demand for validation of the alleged debt upon receipt of Wagner & Hunt, P.A.'s October 21, 2011 dunning letter, which defendant **does not deny** they sent plaintiff, and Defendant failed to properly respond to said validation demand.

6. After sending the debt validation letter, the Plaintiff did receive further communications from Defendant, yet Plaintiff did not receive validation as requested under FDCPA. On January 25, 2012 the Defendant Motioned for Substitute Council in state court and finally the defendant withdrew as council for American Express Centurion Bank.

7. The alleged account un-validated after written demand by consumer plaintiff per FDCPA, was then transferred from Wagner & Hunt, P.A. to Zwicker & Associates, P.A.

8. Plaintiff did recently settle a similar complaint he filed in Court against the law firm, Zwicker & Associates, P.C. who did appear as Substitute Council for Defendant Wagner & Hunt, P.A. on January 15, 2012 – see, John Pinson v. Zwicker & Associates, P.C.; Case No. 9:13-CV-80267.

9. The state case related to this action yielded a **judgment void ab initio** due to the defendant's egregious misrepresentations. "WAGNER and DOE by and through their attorney(s) attempted to employ the court in the perpetration of a fraud."[1] This matter is currently active before state court with a motion to vacate void judgment pending.

10. In 2012, before the Supreme Court of Florida, Wagner & Hunt, P.A. partners: Bruce Edgar Wagner (Case: SC12-1052) and Deryl G. Hunt, Jr. (Case: SC12-1051) both did enter "Conditional Guilty Plea for Consent Judgment" wherein in both filings at Page 3, ¶ 8 they state:

> "By reason of the foregoing, respondent has violated R. Regulating Fla. Bar 4-8.4(c) [A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation ...] and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice ...].

---

[1] See, Doc. 01 page 9, ¶ 25

The Florida Supreme Court did suspend their ability to practice law for 30 days for each individual. The Florida Bar website states[2]:

> "Bruce Edgar Wagner, 5233 Coconut Creek Parkway, Margate, suspended for 30 days, effective 30 days from a May 29 court order. (Admitted to practice: 1970) Wagner is the subject of a Florida Bar disciplinary matter in which a grievance committee found probable cause. Wagner's firm represented a creditor in collection matters. In an effort to keep the creditor in good standing with banks and investors, Wagner and his law partner purchased money orders and applied them to the debtors' accounts without their prior knowledge or consent. (Case No. SC12-1052)"

> "Deryl G. Hunt, Jr., 5233 Coconut Creek Parkway, Margate, suspended for 30 days, effective 30 days from a May 29 court order. (Admitted to practice: 1997) Hunt is the subject of a Florida Bar disciplinary matter in which a grievance committee found probable cause. Hunt's firm represented a creditor in collection matters. In an effort to keep the creditor in good standing with banks and investors, Hunt and his law partner purchased money orders and applied them to the debtors' accounts without their prior knowledge or consent. (Case No. SC12-1051)"

11. Plaintiffs FDCPA claim is based on the **wrongful actions of defendant**, not whether or not a valid debt ever existed, which plaintiff denies.[3]

## II STANDARD OF REVIEW

12. Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), quoting Conley v. Gibson, 355 U.S. 41, 47 (1957). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," Id. At 555, "[W]e do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." Id. At 570.

13. The complaint must only include "sufficient factual allegations to provide the grounds on which the claim rests". Friends of Lake View School District v. Beebe, 578 F.3d 753, 762 (8th Cir. 2009). While "mere labels and conclusions" will not satisfy a plaintiff's burden, there is no

---

[2] http://www.floridabar.org/TFB/TFBPublic.nsf/WNewsReleases/1C2CCC5A8515FC7E85257A2B0069DDBD?OpenDocument

[3] See, Doc. 1 page 9, ¶ 26

need for detailed factual allegation or specific facts that describe the evidence to be presented. Id. A plaintiff satisfies their burden if they allege facts sufficient to allow a court to infer "more than the mere possibility of misconduct". Ashcroft v. Iqbal, 129 W.Ct, 1937, 1950 (2009).

14. Well-pleaded allegations of fact and every inference fairly deducible therefrom are accepted as true for purposes of a motion to dismiss. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and "that recovery is very remote and unlikely." Twombly, 550 U.S. at 556.

### III. ARGUMENTS AND AUTHORITIES

15. "When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff" In re Stac Elecs. Sec. Litig., 89 F.3d 1399, 1403 (9d' 1996): Jones v. General Elec. Co., 87 F.3d 209, 211 (7th Cir. 1996). "Only if no possible construction of the alleged facts will entitle plaintiff to relief should the court grant defendant's motion." Hishon v. King & Spaulding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984). If the factual allegations in plaintiff's complaint support any legal theory that entitles plaintiff to some relief, the court should overrule defendant's motion to dismiss.

16. In Defendant Wagner & Hunt, P.A.'s motion to dismiss they cite several outdated arguments as to why they allege plaintiff's claim is time barred, but fail to take into account relevant 2003 amendments to the FCRA under FACTA which support plaintiff's claim. The Fair and Accurate Credit Transaction Act of 2003 (FACTA) added new sections to the federal Fair Credit Reporting Act (FCRA, 15 U.S.C. 1681 et seq.).

### A. FCRA LIMITATIONS PERIOD

17. Prior to the enactment of FACTA amendments in 2003, the FCRA had provided that claims had to be brought within two years of the "date on which the liability arises," regardless of the date of the consumer discovered the violation, unless a willful misrepresentation was involved.[4] FACTA eased the harshness of this rule by providing that, effective March 31, 2004, a suit must

---

[4] 28 U.S.C. § 1681p (1970); TRW Inc. v. Andrews, 534 U.S. 19, 122 S. Ct. 441 (2001) (no discovery rule: overturned by FACTA); Pinson v. Equifax Credit Info. Services, Inc., 316 Fed. Appx. 744 (10th Cir. 2009) (applying pre-FACTA law).

be filed within two years of the "discovery by the plaintiff of the violation that is the basis for...liability" but in no event more than five years after the date of such violation.[5]

18. The discovery rule enacted by FACTA turns on discovery of a "violation", so that particular elements comprising the alleged violation should be analyzed carefully. The United States Supreme Court, interpreting the discovery rule in securities fraud cases, held, as a matter of first impression, that discovery of the violation occurs when the plaintiff actually discovers the facts constituting the violation, or when a reasonably diligent plaintiff would have discovered the facts constituting the violation, whichever came first.[6]

19. Plaintiff clearly indicated his discovery of FCRA violations occurred within two years of filing his complaint[7] on October 19, 2012. "Discovery of FCRA violations brought forth herein by Plaintiff occurred on or after July 2011 and are within the statute of limitations as defined in the FCRA, 15 U.S.C. § 1681p."[8]

20. Further, plaintiff clearly indicated in his complaint[9] file on October 19, 2012 that FCRA violations occurred within the five year statute of limitations as provided by FACTA[10]: "Defendant(s) had obtained Plaintiff's Equifax consumer credit report on June 18, 2008"[11]; "Defendant(s) had obtained Plaintiff's Experian consumer credit report on March 4, 2009"[12]; "Defendant(s) had obtained Plaintiff's Experian consumer credit report on May 14, 2009"[13].

21. The allegations are sufficient in plaintiff's claim under 15 U.S.C. § 1681b. In <u>Meeks v. Murphy Auto Group, Inc.</u>, 2009 WL 3669638 (M.D. Fla. Oct. 30, 2009) the Court found "in this impermissible pull claim, complaint held sufficient even though no facts were alleged to support the assertion that defendant acted negligently, or in the alternative, willfully".

22. Defendant's argument that plaintiff's FCRA claim is time barred by statute of limitations is obviously without merit when <u>ALL</u> of the information that was presented in Plaintiff's complaint

---

[5] 15 U.S.C. § 1681p.
[6] Merck & Co. v. Reynolds, 130 S. Ct. 1784 (2010).
[7] See, Doc. 1
[8] See, Doc. 1 page 13, ¶ 43
[9] See, Doc. 1
[10] 15 U.S.C. § 1681p.
[11] See, Doc. 1 page 13, ¶ 44
[12] See, Doc. 1 page 13, ¶ 45
[13] See, Doc. 1 page 13, ¶ 46

is seen and considered by the court. Plaintiff has, in fact, stated a claim upon which relief can be granted under the FCRA.

### B. THE FDCPA IMPOSES A STRICT LIABILITY STANDARD.

23. The FDCPA, 15 U.S.C. § 1692, et seq., is a strict liability statute, Taylor v. Perrin, Landry deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997): see also Irwin v. Mascoti, 112 F. Supp. 2d 937 (N.D. Cal. 2000): Pittman v. J.J. Mac Intyre Co. of Nevada, Inc., 969 F. Supp. 609 (D. Nev. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax, A.R.S., 74 F. 3d 30, 33-34 (2' Cir. 1996).

### C. THE FDCPA MUST BE LIBERALLY CONSTRUED IN FAVOR OF CONSUMER DEBTORS.

24. The FDCPA is a remedial statute. Hamilton v. United Healthcare of Louisiana, Inc., 310 F 3d 385, 392 (5th Cir. 2002). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162, 1176 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C. § 1601 et seq., is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107, 1117 (20th Cir. 2002).

### D. THE FDCPA IS TO BE INTERPRETED IN ACCORDANCE WITH THE LEAST SOPHISTICATED CONSUMER STANDARD.

25. The FDCPA is to be interpreted "under an unsophisticated or least sophisticated consumer standard." Gonzales v. Kay, 577 F.3d 600, 603 (5th Sir. 2009) (quoting Gaswami v. Am. Collections Enter., Inc., 377 F.3d 488, 495 (5th Cir. 2004); Taylor v Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1236 (5th Cir. 1997). The court must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." Goswami v. Am. Collections Inter., Inc., 377 F.3d at 495. The FDCPA was passed to eliminate "abusive, deceptive, and unfair debt collection practices." Barany-Snyder v. Weiner, 539 F.3d 327,332 (6th Cir. 2008) (citing IS U.S.C. § 1692(a)). Courts use the "least sophisticated consumer" standard, an objective test, when assessing whether particular conduct violates the FDCPA. Harvey v. Great Seneca Fin. Corp., 453 F.3d 324, 329 (6th Cir. 2006). The least sophisticated consumer test is objective and

is designed "to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." Kistner v. Law Offices of Michael P. Margelefsky, LLC, 518 F. 3d 433, 438 (6th Cir. 2008) (quotations and citation omitted). Claims under the Fair Debt Collections Practices Act adhere to the unsophisticated consumer standard. See Grammon v. GC Services Ltd. Partnership, C.A. 7(111)1994, 27 F. 3d 1254, on remand 162 F. R. D. 313.

### E. THE FDCPA PROTECTS CONSUMERS FROM DEBT COLLECTOR MISCONDUCT

26. The "Act is primarily a consumer protection statute, and we have consistently interpreted the statute with that congressional object in mind." Jacobson v. Healthcare Fin. Servs., Inc., 516 F.3d 85 (2nd Cir. 2008). The FDCPA is "an extraordinarily broad statute" and must be enforced "as Congress has written it." Frey v. Gangwish, 970 F.2d 1516 (6th Cir. 1992). The FDCPA should be construed to accomplish the regulatory goals intended by Congress. Ayala v. Dial Adjustment Bureau, Inc., 1986 U.S. Dist. LEXIS 30983 (D. Conn. Dec. 4, 1986). "The Sixth Circuit has described the statute as 'extraordinarily broad' and its terms must be literally enforced." Deere v. Jvitch, Block & Rathbone L.L.P., 413 F. Supp. 2d 886 (S.D. Ohio 2006).

27. "The Act is designed to protect consumers who have been victimized by unscrupulous debt collectors, regardless of whether a valid debt actually exists." Baker v. G.C. Servs. Corp., 677 F.2d 775, 777 (9th Cir. 1982). "[T]he FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists." Keele v. Wexler, 149 F/3d 589. 594 (7th Cir. 1998).

28. A non-debtor who was subjected to abusive collection tactics may not maintain an action for violations of § 1692c(c), since that section is limited to violations directed at a "consumer" as defined in the Act, but may maintain an action for violation of §§ 1692d and 1692e, which have no such limitation and therefore apply to anyone who is the victim of prescribed misconduct. Montgomery v. Huntington Bank & Silver Shadow Recovery, Inc., 346 F.3d 693 (6th Cir. 2003).

### F. FDCPA CLAIM BASED ON OCTOBER 21, 2011 DUNNING LETTER

29. Defendant did send a dunning letter to plaintiff on October 21, 2011, **which defendant does not deny it sent**, and plaintiff filed his complaint on October 19, 2012 clearly within the one

year statute of limitations for FDCPA claims[14]. Defendant argues that plaintiff failed to present a copy of the dunning letter. A plaintiff is not required to present all evidence and prove his case in the initial complaint. The purpose of the complaint is merely to give notice to a defendant of a claim against them and does not require all evidence to be attached. Plaintiff will provide a copy of the letter as well as other documents with the initial disclosures as required by F.R.C.P.

30. Plaintiff, as a least sophisticated consumer, did make a demand of the Defendant Wagner & Hunt, P.A. on October 28, 2011 to validate the alleged debt they were attempting to collect in their October 21, 2011[15] communication, and both before and thereafter the Defendant failed to provide any validation whatsoever[16].

31. Defendant did send a dunning letter on October 21, 2011 which **misrepresented the validity**[17] of the alleged debt.[18]

32. Defendant did send a dunning letter on October 21, 2011 which **misrepresented the amount**[19] of the alleged debt.[20]

33. Validation requires presentment of the account and general ledger statement signed and dated by the party responsible for maintaining the account. See <u>Pacific Concrete F.C.U. v. Kauanoe</u>, 62 Haw. 334, 614 P. 936 (1980), <u>GE Capital Hawaii, Inc. v. Yonenaka</u> 25 P. 3d 807, 96 Hawaii 32, (Hawaii App 2001). <u>Fooks v. Norwich Housing Authority</u> 28 Conn. L. Rptr. 371, (Conn. Super. 2000), <u>Town of Brookfield v. Candlewood Shores Estates, Inc.</u> 513 A. 2d 1218, 201 Conn. 1(1986), and <u>Solon v. Godbole</u>, 163 Ill. App, 3D 845, 114 Iii. Dec. 890, 516 N. E. 2d 1045 (3Dist. 1987). **Defendant failed to provide anything evidencing a debt; the debt was not validated.**[21]

## G. DEFENDANT PROFFERS FDCPA CASES NOT ANALOGOUS TO THE INSTANT CASE

---

[14] 15 USC § 1692k(d)
[15] See, Doc. 1, page 12 ¶ 39
[16] See, Doc. 1, page 12 ¶ 39, 41, 54
[17] 15 USC § 1692e(2)
[18] See, Doc. 1, page 12 ¶ 39
[19] 15 USC § 1692e(2), 15 USC § 1692f
[20] See, Doc. 1, page 12 ¶ 39
[21] See, Doc. 1, page 12 ¶ 39, 41, 54

34. Defendant cites <u>McCorriston v. L.W.T., Inc.</u>, 536 F. Supp 2d 1268 (U.S.D.C. Middle District, Tampa Div 2008) wherein plaintiff filed a case outside the one year statute of limitations, and is therefore not analogous to the instant action and should be disregarded by the court as the citation has no authority. Plaintiff in instant action has clearly filed his FDCPA claim within the one year statute of limitations.

35. Defendant cites Nutter v. Messerli Kramer, P.A., 500 F. Supp 2d 1219 (D.C. Minn. 2009) wherein plaintiff filed a case outside the one year statute of limitations, and is therefore not analogous to the instant action and should be disregarded by the court as the citation has no authority. Further, "The court only dealt with the FDCPA claim under 1692f"[22] Again, plaintiff in the instant action has clearly filed his FDCPA claim within the one year statute of limitations.

36. Further, in <u>Nutter</u> defendant Wagner attempts to argue "serial" violation of FDCPA and makes the conclusory statement "indicates that a continuing violation theory in not available under the FDCPA."[23] Plaintiffs FDCPA claim is not based on any continuing violation, but is in fact **based on specific violations and based on the behavior of the Defendant** and its October 21, 2011 communication with plaintiff. Plaintiff may reference claims which are time barred, as of course the evidence supporting the time barred claims still may be relevant and admissible regarding current violation; for example, to prove notice, intent, absence of mistake, and the like.[24] Defendants argument is not analogous to the instant action and should be disregarded by the court as the citation has no authority.

## H. FDCPA STATUTE OF LIMITATIONS

37. Defendant's citation supports plaintiff's claim: <u>Mattson v. U.S. West Communications, Inc.</u>, 697 F. 2d 259 (USCA 8th Cir 1992) where the court in the ruling on the limitations issue regarding an FDCPA claim, specifically stated that:

> *"We note that statutes of limitations are not simply technicalities; on the contrary, they have long been respected as fundamental to a well ordered judicial system. Citing to Board of <u>Regents v. Tomanio</u>, 446 U.S. 478 (1980).*

---

[22] See, Doc. 10, page 7 ¶ 3
[23] See, Doc. 10, page 8 ¶ 3, page 9 ¶ 1
[24] Broccuto v. Experian Info. Solutions, Inc., 2008 WL 196992, at *4, (E.D. Va. May 6, 2008).

38. "In Mattson, the statute of limitations required plaintiffs to bring actions under the Fair Debt Collection Practices Act **"within one year from the date on which the violation occurs."** Mader v. US, 2010. (Emphasis added) "There, the FDCPA violation in question occurred on November 27, 1989, and the claimant brought her action on November 27, 1990." Mader v. US, 2010.

39. It is clear violation occurs when each communication is mailed. "Rather, in determining when the limitations period begins, the majority of courts look to the date at which the defendant engaged in the allegedly abusive action (such as **the date a defendant mails a debt communication letter**) rather than any subsequent date at which the plaintiff may have felt the harm." Fontell v. Hassett, 2012. (Emphasis added) "stating that a cause of action accrues under the FDCPA **when creditor mails collection letter** because that date was last opportunity creditor had to comply with the FDCPA" MATETI v. ACTIVUS FINANCIAL, LLC, 2009. (Emphasis added) The date on which [defendant] mailed the letters was its last opportunity to comply with the FDCPA, and **the mailing of the letters, therefore, triggered [§ ] 1692k (d)**. Parker v. Pressler & Pressler, LLP, 2009.

40. Plaintiff has clearly demonstrated his FDCPA claim was filed within the statute of limitations found at 15 USC § 1692k(d); communication violating FDCPA mailed by defendant on October 21, 2011 and complaint filed by plaintiff October 19, 2012.

## I. FCCPA STATEMENT OF CLAIM

41. Defendant did allege "there are no factual allegations"[25] relating to FCCPA claims, and further states "assuming these allegations refer to"[26] time barred violations of defendant. Plaintiff points out the FCCPA mirrors the Federal Law in question.

42. Since plaintiff's FCCPA claims mirror plaintiff's FDCPA claims, the FDCPA allegations and factual allegations were restated under FCCPA in full. "Plaintiff incorporates by reference all the paragraphs of this Complaint as though fully stated herein."[27]

## J. FCCPA STATUTE OF LIMITATIONS

---

[25] See, Doc. 10, page 2 ¶ 7
[26] See, Doc. 10, page 3 ¶ 1
[27] See, Doc. 1, page 23 ¶ 92

43. Plaintiff had already shown his FDCPA and FCRA claims are within the statute of limitations. Plaintiff's FCCPA claims mirror his FDCPA claims. Plaintiff notes FCCPA has a two year statute of limitations just as defendant clearly pointed out "the two year statute of limitations stated in 559.77(4)."[28] Plaintiff has in fact made a valid FCCPA claim within the statute of limitations.

## IV. CONCLUSION

44. Plaintiff has pleaded facts sufficient to allow a court, drawing on "judicial experience and common sense", to infer "more than the mere possibility of misconduct", which easily satisfies his burden of pleading under the FCRA, FDCPA and FCCPA at this stage. See Ashcroft v. Iqbal, 129 S.C. at 1950. Plaintiff has also alleged that he has been damaged by the Defendant Wagner & Hunt, P.A. Plaintiff's claims should therefore survive dismissal.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order denying Defendant Wagner & Hunt, P.A.'s Motion to Dismiss Pursuant to FRCP 12(b)(6). In the alternative, if the Court determines Plaintiff has failed to state a claim, Plaintiff asks the Court to grant leave and sufficient time to amend his complaint.

Respectfully Submitted,

_____

John Pinson
526 Westwood Road
West Palm Beach, Florida 33401
561-329-2524
john@pinson.com

---

[28] See, Doc. 10, page 3 ¶ 1

## CERTIFICATE OF SERVICE

The true and correct copy of the foregoing document is being served upon the below named parties via first class U.S. mail.

Signed April 9, 2013

_____
John Pinson

Defendant
WAGNER & HUNT, P.A.
Defendants Counsel:
Dorothy Maier
WAGNER, HUNT & KAHN P.A.
5233 Coconut Creek Parkway
Margate, Florida 33063