UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-81158-CIV-MARRA

JOHN PINSON,

Plaintiff,

vs.

WAGNER & HUNT, et al.

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Wagner & Hunt, P.A.'s Motion to Dismiss (DE 10).  The Court has carefully considered the Motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff John Pinson ("Plaintiff"), proceeding *pro se*, filed a Complaint on October 19, 2012 against Defendant Wagner & Hunt, P.A. ("Wagner" "Defendant") and Does 1-10 (collectively, "Defendants") for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq. (counts one through four); the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq. (count five)[1], and the Florida Consumer Collection Practices Act ("FCCPA"), Florida Statutes § 559.55 et seq.[2]  The Complaint alleges the following:

Defendants have damaged Plaintiff's credit reports and credit scores and defamed his

---

[1] This count is misnumbered as count eight.

[2] This cause of action is not listed as a separate count in the Complaint but follows the "wherefore" clause of the Complaint.

character. (Compl. ¶ 22.)  Plaintiff never entered into a contractual agreement for credit, loans or services with Defendants. (Compl. ¶ 25.)  Defendants served Plaintiff with a summons and complaint on or about July 17, 2008 and "employ[ed] the court in the perpetration of a fraud." (Compl. ¶¶ 27, 32.)  Defendants did not attach to the complaint any contract showing Plaintiff had a valid account with them and Plaintiff denies having any contractual obligation with Defendants. (Compl. ¶¶ 35-36.)

Defendants obtained Plaintiff's Equifax consumer credit report on June 18, 2008 without permissible purpose.[3] (Compl. ¶¶ 44, 62.)  Next, Plaintiff discovered that Defendants obtained Plaintiff's Experian consumer credit report on March 4, 2009.  (Compl. ¶¶ 45, 70.)  Defendant also obtained Plaintiff's Experian consumer credit report on May 14, 2009 without permissible purpose. (Compl. ¶¶ 46, 75.)  As a result, Plaintiff has suffered lower credit scores and higher insurance rates. (Compl. ¶¶ 47, 62.)  Defendants obtained the credit reports in "anticipation of commencing litigation."  (Compl. ¶ 49.)

On or about October 25, 2011, Plaintiff received from Defendants a dunning letter signed by Wagner which "misrepresented the validity of the debt and the amount of the debt, and was sent where the debt was not validated under 15 U.S.C. § 1692g."  (Compl. ¶ 39.)

Finally, Defendants disclosed to a person other than the debtor or his family information affecting Plaintiff's reputation with knowledge or reason to know that the other person did not have a legitimate business need for the information. (Compl. ¶ 95.)

Wagner moves to dismiss the Complaint and contends that the claims are time-barred.

---

[3] The Complaint states that discovery of these alleged FCRA violations occurred on or after July 2011. (Compl. ¶ 43.)

With respect the FCCPA claim, Wagner states the Complaint lacks any allegations as to how it violated this statute or when the violation occurred.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The Supreme Court has established that a court should afford a pro se litigant wide leeway in pleadings.  See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (holding

allegations of a pro se complaint to a less stringent standard than formal pleadings drafted by lawyers).  However, this leniency does not give the court license to rewrite an otherwise deficient pleading in order to sustain an action.  GJR Investments, Inc., v. County of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998).

    III.  Discussion

    The gravamen of Plaintiff's Complaint is that Defendants have damaged Plaintiff's credit report and credit scores by their debt collection activity and by obtaining Plaintiff's credit report.  According to Plaintiff, these activities violated the FCRA, the FDCPA and the FCCPA.  The purpose of the FCRA is to ensure accuracy and fairness of credit reporting.  15 U.S.C. § 1681.  The FDCPA serves to eliminate abusive debt collection practices by debt collectors.  15 U.S.C. § 1692.  The FCCPA serves a similar purpose to the FDCPA.  Florida Statutes § 559.72.

    It appears from reading the Complaint that the FCRA claim arises from Defendants' receipt of Plaintiff's credit report on June 18, 2008, March 4, 2009, and May 19, 2009. (Compl. ¶¶ 44-46.) The Complaint states that Plaintiff discovered these violations on or after July 2011. (Compl. ¶ 43.)  With respect to the FDCPA claim, Defendants instituted a collection litigation on July 17, 2008 and sent a dunning letter to Plaintiff on or about October 25, 2011. (Compl. ¶¶ 32, 39.)

    Wagner moves to dismiss on the basis that all of Plaintiff's claims are barred by the statute of limitations.  Thus, the Court will begin by discussing the appropriate statute of limitations for each of these causes of action.

    Section 1681p of the FCRA provides:

An action to enforce any liability created under this subchapter may be brought in any

appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--

(1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.

Section 1692k(d) of the FDCPA provides:

(d) Jurisdiction

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692k(d).

Section 559.77(d) of the FCCPA states that "[a]n action brought under this section must be commenced within 2 years after the date the alleged violation occurred." Florida Statutes § 559.77(4).

Plaintiff filed the Complaint on October 19, 2012. Thus, with respect to the July 17, 2008 litigation, Defendant is correct that any claim arising out of this litigation would be time-barred. Plaintiff, however, states that his FDCPA claim stems from the dunning letter mailed on October 21, 2011, thereby placing this act within the statute of limitations. Wagner claims that this letter ought to have been attached to the Complaint and, in any event, the letter relates to the earlier 2008 litigation and thus cannot restart the limitations period. It is axiomatic that the Court is "required to accept the facts as set forth in the plaintiff's complaint as true" and the Court's "consideration is limited to those facts contained in the pleadings and attached exhibits." Griffin

Industries, Inc. v. Irvin, 496 F.3d 1189, 1199 (11th Cir. 2007).  A plaintiff need not attach a letter to a complaint simply because the existence of a letter is alleged.  Plaintiff has alleged that he received an October 21, 2011 letter from Defendants and the Court shall take this fact as true.  As such, at this time, there is no basis to dismiss the FDCPA claim on statute of limitation grounds. [4]

Nor does the Court see any basis to dismiss the FCRA claim on the basis of statute of limitations.  While the Complaint alleges that Defendants impermissibly examined his credit reports in 2008 and 2009, it also alleges that Plaintiff did not make the discovery of the FCRA violations until, at the earliest, July 1, 2011.  (Compl. ¶ ¶ 43-46.)  Because Plaintiff discovered that he had reasonable grounds to believe he had a FCRA cause of action in July 2011, he is well within the two-year statute of limitations set forth in 15 U.S.C. § 1681(p).  See Stroud v. Bank of Am., 886 F. Supp. 2d 1308, 1321 (S.D. Fla. 2012).

Wagner has only moved to dismiss based on the statute of limitations and the Court has rejected those arguments.  Hence, the motion to dismiss is denied.

---

[4] Given that portions of the FCCPA mirror the FDCPA, and in the light of the Court's obligation to construe this pro se pleading liberally, the Court rejects Wagner's argument that there are no facts supporting a claim pursuant to the FCCPA.  See Beeders v. Gulf Coast Collection Bureau, Inc., No. 8:09–cv–00458–EAK–AEP, 2010 WL 2696404, at * 2-5 (M.D. Fla. July 6, 2010) (portions of FCCPA mirror the FDCPA); see also Bentley v. Bank of America, N.A., 773 F. Supp. 2d 1367, 1372 (S.D. Fla. 2011);  Sanz v Fernandez, 633 F. Supp. 2d 1356, 1363 (S.D. Fla. 2009);  Reynolds v. Gables Residential Svcs., Inc., 428 F. Supp. 2d 1260, 1265 (M.D. Fla. 2006).  Although not directly raised by Wagner, the Court notes that the FCCPA has a two-year statute of limitations which is met based on the October 21, 2011 letter.

IV. Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss (DE 10) is **DENIED**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 17th day of May, 2013.

_____
KENNETH A. MARRA
United States District Judge