IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH, FLORIDA

CASE NO.  12-81158-CV-Marra/Mattewman

JOHN PINSON,

       Plaintiff

vs

WAGNER & HUNT, PA

       Defendant

_____/

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW,** the Defendant, **WAGNER & HUNT, PA**, by and through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 56, and hereby files this Defendant's Motion for Summary Judgment and Incorporated Memorandum of Law and states in support thereof:

### I.      Factual and Procedural Background:

On October 19, 2012 the Plaintiff brought the instant case by filing a five count Complaint alleging that the Defendant violated the federal Fair Credit Reporting Act  ("FRCA") (Counts I, II, III, IV) and the federal Fair Debt Collection Practices Act ("FDCPA") (Count V – incorrectly numbered in Plaintiff's Complaint as Count VIII) and Florida statute 559.72, The Florida Consumer Collection Practices Act ("FCCPA") (see paragraphs 92-96 of Plaintiff's Complaint). **(Docket # 1)**

The gravamen of Plaintiff's Complaint rests on allegations that the Defendant obtained the Plaintiff's Equifax, Experian and Transunion credit reports without having a permissible purpose  as defined in 15 USC 1681b. (Counts I, II and III). The Plaintiff further

alleges that the Defendant reported incorrect information to these same credit bureaus, thus, damaging Plaintiff's credit profile. (Count IV).  In Count V (incorrectly numbered at Count VIII) the Plaintiff alleges that the Defendant violated the Fair Debt Collection Practices Act ("FDCPA" – 15 USC 1692 (b) – (g)) without identifying the specific facts that would constitute a violation of these provisions of the "FDCPA".  Finally, in paragraphs 92 through 96 the Plaintiff, without identifying the allegations set forth in these paragraphs as a separate Count of the Complaint, alleges violations of the Florida Consumer Collection Practices Act ("FCCPA"). Again, the Plaintiff does not set forth specific facts to support the claims set forth in paragraphs 92 through 96.

On June 18, 2008 American Express referred two of Plaintiff's delinquent credit card accounts to the Defendant for collection.  Account # xxxx-xxxxxx-22005 and # xxxx-xxxxxx-83007.  As part of the collection process, on June 18, 2008, the Defendant pulled a copy of the Plaintiff's credit report.  Defendant asserts that when it pulled the Plaintiff's credit report it had a legally permissible purpose for obtaining the report as defined by the "FCRA".  That is also true as to the credit reports allegedly "pulled" on March 4, 2009 and May 14, 2009.

On July 23, 2008 the Defendant filed a Complaint for collection of the outstanding balances remaining on the two credit card account.  American Express Centurion Bank v. John Pinson, Palm Beach County Circuit Court Case No. 50-2008-CA-0224600 MB AD.  On September 25, 2008  The Circuit Court case was resolved when Mr. Pinson, the Plaintiff herein, executed a Stipulation for Settlement which was entered in the court file on September 30, 2008 followed by an Order Approving the Stipulation was entered on October 7, 2008.   Mr. Pinson defaulted in the payments he agreed to make pursuant to the Stipulation for Settlement and, as a result, a Final Judgment was entered against him in the Circuit Court case on January 23, 2009.

The credit reports obtained by the Defendant on March 4, 2009 and May 14, 2009 were obtained for the legally permissible purpose of pursuing post judgment execution proceedings on the Final Judgment entered on January 23, 2009.   It was not until October 19, 2012, more than four (4) years after the Circuit Court case in chief was resolved that Mr. Pinson filed the instant case against Wagner & Hunt, PA. Defendant's initial response to the Complaint subjudice was a Motion to Dismiss which was ultimately denied.  **(Docket # 10 & 18)**.  Defendant subsequently filed an Answer and  Affirmative Defenses. **(Docket # 19)**.

## II.   Summary Judgment Standard

The Court may appropriately grant a summary judgment  "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  _Celotex Corp. v. Catrett_, 477 U.S. 317, 322 (1986).  The high burden of establishing the absence of a genuine issue of  material fact lies with the moving party. _Celotex Corp. v. Catrett_, supra.  A fact is deemed material only when its resolution can affect the outcome of the case. _Anderson v. Liberty Lobby, Inc_., 477 U.S. 242, 248 (1986).  In deciding on a Motion for Summary Judgment all evidence and inferences are viewed in the light most favorable to the non-moving party. _Anderson v. Liberty Lobby, Inc_., supra. at 255.  Any doubts with regard to granting of a summary judgment should be resolved in favor of the non-moving party. _Adickes v. S. H. Kress & Co_., 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed 2d 142 (l970).   As stated by this court in the case of _John Pinson v. United Recovery Systems, LP_ 2013 U. S. Dist. LEXIS 98372

> After the movant has met its burden under _Rule 56(a)_, the burden of production shifts and the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Citing to _Matsushita Electronic Industrial Co. v. Zenith Radio Corp._ 475 U.S. 574, 586, 105 S. Ct. 1348, 89 L. Ed. 2d 538 (1986).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record…or showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. *Fed. R. Civ. P. 56©(1)(A) an (B).*

If a Plaintiff cannot support each essential element of his claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *See Celotex, 477 U.S. at 324.*

## III.   <u>Legal Argument -  Counts I, II and III of Plaintiff's Complaint</u>

On June 18, 2008 American Express referred Plaintiff's delinquent AMEX credit card account to Defendant for collection.   (See Declaration of Jeffrey L. Kahn, Esq., at para. _____.) As part of the collection process the Defendant's account representative pulled a credit report on June 18, 2008.  Defendant's account representative subsequently pulled Plaintiff;s credit report on March 4, 2009 and May 14, 2009 as part of the post judgment collection process. (See Declaration of Jeffrey L. Kahn, Esq., at para. _____).

The Fair Credit Reporting Act ("FRCA"), 15 USC 1681, et seq. governs the use and dissemination of consumer credit information.  Under the provisions of the "FRCA" a consumer credit reporting agency may furnish a consumer credit report under specified permissible purposes as identified in the act.  For example, a credit report "may be provided in connection with a credit transaction involving the consumer on whom the information is to be furnished and involving the extension of credit to, **or review or collection of an account of, the consumer**." 15 USC 1681b(a)(3)(A) emphasis added. What this means is that this provision of the "FRCA" permits a debt collector to obtain a credit report if it uses the report to review or collect on an account.  *See <u>Pinson v . Monarch recovery Management, Inc</u>., 2013 U.S.Dist. LEXIS 33971, 2013   WL 961308 *2 (S. D. Fla. Mar. 12, 2013 and <u>Pinson v. United Recovery Systems</u>,*

2013 U.S. Dist. LEXIS 98372.   As stated by this court in _United Recovery Systems_,

> "… permissible use of credit information under the FCRA requires only a credit transaction involving the customer…e.g. a validly assigned credit card debt… and the use of that information in reviewing or collecting the account.  Indeed, 1681(b)(a)(3)(A) specifically authorizes the use of consumer information in such circumstances. _Citing to Huertas v. Galaxy Asset Management 641 F. 3d 28, 34 (3rd Cir. 2011_ holding that debt collector that sought credit report on debtor while attempting to collect on debtor's delinquent credit card did not violate the FRCA.)

See also _Demaestri v. Asset Acceptance Capital Corp_. 11-cv-0167 I-WJM, 11-cv-01672-WJM-MJW,, 2012 WL 1229907 (Mar 14, 2012).

To qualify under 1681b(a) the "credit transaction" must both (1) be a "credit transaction involving the consumer on whom the information is to be furnished" and (2) involve 'the extension of credit to, or review or collection of an account of, the consumer."  _Pintas v. Pacific Creditors Association_, 565 F. 3d 1106, 1112 (9th Cir. 2009). In the case subjudice, the Plaintiff incurred a debt as a result of charges to his American Express credit card account.   The Declaration of Jeffrey L. Kahn in support of this Motion for Summary Judgment establishes that American Express referred Plaintiff's delinquent credit card accounts to the Defendant on June 18, 2008.  Defendant obtained Plaintiff's credit report on the same day as the referral.  The credit report was obtained for the purpose of moving forward with collection of the delinquent balances remaining on Plaintiff's credit card accounts.  Defendant asserts that this was clearly a permissible purpose for obtaining the report under the provisions of the "FCRA".

### A.  Credit Transaction Involving a Consumer Under the "FRCA"

The "FRCA" defines "credit" as a right granted by a creditor to a debtor to defer payment of a debt or to incur debts and defer its payments or to purchase property or services

and defer payment therefor.  15 USC 1681a( r)(5) incorporating 15 USC 1691a(d).  In this case Plaintiff's delinquent credit card accounts were referred to the Defendant for collection.  It was a result of that referral that the Defendant obtained Plaintiff's credit reports.  See Declaration of Jeffrey L. Kahn, para_____ ).  Establishing a credit card account meets the definition of "credit" under the "FCRA" in that the service is provided before payment is due.  *See Murray v. New Cingular Wireless Services, Inc., 523 F. 3d 739 (7th Cir. 2008).*

### B.   Collection of an Account of the Consumer

On June 18, 2009 the Defendant obtained Plaintiff's credit report for the purpose of pursuing collection of Plaintiff's delinquent credit card accounts.  These two credit card accounts were referred to Defendant by the original creditor, American Express. (See Declaration of Jeffrey L. Kahn at para. _____.)  As previously stated, the "FRCA" expressly provides that obtaining for the purpose of collecting on an account of that consumer is a permissible purpose.  15 USC 1681(a)(3)(A).  Moreover, Courts have interpreted 1681b to allow the procurement of a debtor's credit report by a debt collector in connection with the collection of a debt.  *Huertas v. Galaxy Asset Management*, 641 F. 3d 28 (3rd Cir. 2011) (*holding that a debt collector who sought a credit report on a debtor while attempting to collect on debtor's delinquent credit card account did not violate the "FRCA".  Phillips v. Grendahl*, 312 F. 3d 357 (7th Cir. 2002); *McNall v. Credit Bureau of Josephine County*, 689 F. Supp 2d 1265 (D. Or. 2010).  *Perretta v. Capital Acquisition & Management Co*. 2003 WL 21383757 at *5 (N.D. Cal. May 2003) (*where it appears that if in fact defendant obtained plaintiff's consumer report it was in connection with an effort to collect a debt, Plaintiff's FRCA claim must fail*.)

**IV.   Legal Argument -  Count IV of Plaintiff's Complaint**

In Count  IV of Plaintiff's Complaint, Plaintiff alleges that the Defendant willfully and/or negligently reported erroneous and inaccurate information about Plaintiff to credit reporting agencies: Trans Union, Equifax and Experian in violation of the provisions of .  (See paragraph 79 of Plaintiff's Complaint; **Docket # 1**)   Plaintiff  further alleges in Count IV that Defendant failed to investigate and report that the Plaintiff had disputed the subject debt, failed to delete incomplete and inaccurate information, continued to report inaccurate information.  (See paragraphs 79 – 82 of Plaintiff's Complaint; **Docket #1**).  Defendant asserts that it did not at any time report any information whatsoever to any credit reporting agency concerning this Plaintiff's delinquent credit card accounts or any other credit information concerning Mr. Pinson.  The Defendant merely received information from the original creditor, American Express, concerning Plaintiff's delinquent credit card accounts for the purpose of collecting on the delinquent accounts.  Furthermore, the Defendant did not at any time receive any notice from any credit reporting agency indicating that the Plaintiff had notified said agency that he had disputed any of the entries reflected on his credit reports, including the Plaintiff's American Express credit card accounts.

Under § 1681s-2(b), entities that furnish information to credit reporting agencies must undertake an investigation only after being put on notice that a borrower has disputed certain information. *See* 15 U.S.C. § 1681s-2(b)(1); s*ee also* _Aklagi v. Nationscredit Fin. Serv. Corp._, 196 F. Supp. 2d 1186, 1193 (D. Kan. 2002); _Young v. Equifax Credit Info. Servs., Inc._, 294 F.3d 631, 639 (5th Cir. 2002). The required notice must be given by a credit reporting agency. *See* 15 U.S.C. § 1681i(a)(2).   Summary judgment regarding a § 1681s-2(b) claim is appropriate when the plaintiff cannot show that Plaintiff (**i**) initiated a dispute with the credit reporting agency; and

**(ii)** that the furnisher was provided the requisite notice by the credit reporting agency. *See Insagnares v. Countrywide Home Loans, Inc.,* No. 09-60128-CIV, 2009 WL 2444322, at *2 (S.D. Fla. July 15, 2009);  *Leet v. Cellco P'ship,* 480 F. Supp. 2d 422, 428-29 (D. Mass. 2007) (holding that a private cause of action exists under the FCRA against a furnisher of consumer credit information only when the defendant receives notice from a consumer reporting agency— as opposed to the consumer himself—that information is being disputed); *Kaetz v. Chase Manhattan Bank,* No. 05-1546-Civ, 2006 WL 1343700, at *3 (M.D. Pa. May 17, 2006) Pinson does not allege that he disputed the accuracy of his debts to a credit agency, or that the credit agency thereafter reported the dispute to Wagner & Hunt, PA.  *Jones v. Alltel Ohio Ltd. P'ship,* No. 06-02332-Civ, 2007 WL 1731321, at *4-5 (N.D. Ohio June 14, 2007) ("Jones' failure to allege that she notified a credit reporting agency that in turn gave notice to Alltel is an omission that would be fatal to her claim.").  In the instant case, Mr. Pinson does not allege and cannot show that he filed a dispute with the appropriate credit reporting agency; rather he alleges that he sent a notice directly to the Defendant of an alleged violation of the "FRCA" in obtaining his credit reports.  (See paragraph 63 of Plaintiff's Complaint; **Docket # 1**)  No where in Plaintiff's Complaint does he allege that he sent a notice to the credit reporting agencies that he was disputing the American Express credit card accounts or any other information reflected on his reports.   As a result, Plaintiff's 1681s-2(b) claim must fail and Defendant is entitled to a summary judgment as to Court IV of the Complaint as a matter of law.

## V.  Legal Argument – Count V of Plaintiff's Complaint (Incorrectly numbered Count VIII)

Count V of Plaintiff's Complaint (paragraphs 85 through 91) alleges violations of the

Fair Debt Collection Practices Act, 15 USC 1692.  In paragraph 88 , Plaintiff merely  reiterates the provisions of 15 USC 1692b(2), 1692d, 1692e(2), 1692e(5), 1692e(8), 1692e(10), 1692f(1), and 1692g(B).  The allegations set forth in Count V of the Complaint are completely devoid of any <u>facts</u> showing that the Defendant engaged in conduct that would violate the cited provisions of 15 USC 1692.

While in the ordinary case a Plaintiff may find the bar exceedingly low to plead a cause of action  by pleading nothing more than labels and conclusions and a formulaic recitation of the elements of a cause of action, it is clear that a Plaintiff has an obligation to provide sufficient facts to support its claims.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1960, 167 L. Ed. 2d 929 (2007);  As stated by the court in *Osborne v. Vericrest Financial, Inc*., 2011 U.S. Dist. LEXIS 52787 (Dist.Ct. Middle Dist. Fla. 2011)

> " Absent the necessary factual allegations, unadorned, the defendant-unlawfully-harmed-me accusation(s) will not suffice.  Citing to *Ashcroft v. Iqbal,* 556 I.s. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)

Since the Plaintiff has failed to plead and cannot show any facts that would support its claims under 15 USC 1692, Defendant asserts that it is entitled to a summary judgment as to Count V of the Complaint as a matter of law.

## VI.  Legal Argument -  Count VI of the Complaint – (paragraphs 92 – 96 of the Complaint)

In paragraphs 92 through 96 of Plaintiff's Complaint, Plaintiff attempts to allege violations of the Florida Consumer Collection Practices Act, ("FCCPA"), Florida Statute 559,et seq.   Again, Plaintiff does not set forth any specific facts that would support his claims under the "FCCPA".  The only allegations of this count consist of a recitation of certain provisions of Fla. St. 559.72.  (See paragraphs 92 through 96 of Plaintiff's Complaint; **Docket # 1**).  As previously argued, merely stating the elements of a claim or reciting the provisions of a

particular statute in an attempt to show that the Defendant harmed the Plaintiff is patently

insufficient to support a claim.  See *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955,

1960, 167 L. Ed. 2d 929 (2007);  *Osborne v. Vericrest Financial, Inc*., 2011 U.S. Dist. LEXIS

52787 (Dist.Ct. Middle Dist. Fla. 2011).

Based upon the foregoing, Defendant asserts that there are no genuine issues of material

fact or law that would preclude the Court from entering a summary judgment in favor of the

Defendant.  Thus, Defendant is entitled to a summary judgment as a matter of law.

                                          */s/  Dorothy V. Maier*

By:  _____

                                        DOROTHY V. MAIER
                                        Florida Bar # 338176
                                        Attorney for Defendant
                                        435 South Ridgewood Avenue
                                        Suite 101
                                        Daytona Beach, Florida 32114
                                        (386) 761-0951
                                        Fax # (386) 682-3823
                                        dmaier22cfl.rr.com .

## CERTIFICATE  OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been served via certified U. S. Mail on the 30th  day of September 2014 on John Pinson, 526 Westwood Road, West Palm Beach, FL 33401.

                                        /s/  Dorothy V. Maier

By:  _____

                                        Dorothy V. Maier , Esq.